**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MEDSCRIPT PHARMACY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-5663 |
| v. | ) | |
| | ) | |
| D&D PHARMA LTC, LLC, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR SERVICEMARK INFRINGMENT, UNFAIR COMPETITION AND FALSE DESIGNATION OR ORIGIN, COMMON LAW SERVICEMARK INFRINGMENT, STATE UNFAIR COMPETITION, AND VIOLATION OF ILLINOIS' DECEPTIVE PRACTICES ACT**

Now comes the Plaintiff, MedScript Pharmacy, LLC ("MedScript Pharmacy" or "Plaintiff"), through its attorney, Mark Roth of Roth Fioretti, LLC, and for its Complaint for Servicemark Infringement, Unfair Competition and False Designation of Origin, Common Law Servicemark Infringement, State Unfair Competition, and Violation of Illinois' Deceptive Practices Act, against the Defendant, D&D Pharma LTC, LLC ("D&D" or "Defendant"), states:

**NATURE OF ACTION**

1.     This is a Complaint for servicemark infringement under 15 U.S.C. § 1051 *et seq.;* for unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); for common law servicemark infringement; state law unfair competition; and violation of the Illinois Deceptive Practices Act.

**THE PARTIES**

2.     MedScript Pharmacy is an Illinois corporation, with its principal place of business in Orland Park, Illinois. D&D is a Delaware company, with its principal place of business is in Noblesville, Indiana.

1

**JURISDICTION AND VENUE**

3.     This Court has jurisdiction over MedScript Pharmacy's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331. MedScript Pharmacy's claims arise under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*  This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists because Plaintiff, MedScript Pharmacy, is an Illinois limited liability company with its principal place of business in Cook County, Illinois.  MedScript Pharmacy's member resides in Illinois.  Defendant, D&D, is a Delaware company with its principal place of business in Noblesville, Indiana.  The amount in controversy in this suit exceeds $75,000.

4.     This Court also has supplemental jurisdiction over MedScript Pharmacy's state law claims pursuant to 28 U.S.C. § 1367 as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.     This Court has personal jurisdiction over D&D, as D&D transacts business in this District by offering to sell, selling and/or advertising its pharmacy services at issue in this lawsuit in order to reach customers in Illinois and in this judicial District.  Defendant has specifically committed acts of infringement in this judicial District.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b)-(c).

**GENERAL ALLEGATIONS**

7.     MedScript Pharmacy is a compounding pharmacy.  MedScript Pharmacy is the owner of two United States Service Marks.  Specifically, MedScript Pharmacy is the owner of U.S. Registration No. 4592559 for the standard character Service Mark for "MedScript Pharmacy," in international class 44 for "compounding pharmaceutical services" (the "'559 Service Mark").  A copy of the registration certificate for the '559 Service Mark is attached as Exhibit A.

8.      MedScript Pharmacy is also the owner of U.S. Registration No. 4592560 for the Service Mark for the name and logo for "MedScript" in international class 44 for "compounding pharmaceutical services" (the "'560 Servicemark").   A copy of the registration certificate for the '560 Service Mark is attached as Exhibit B.  The '559 Service Mark and the '560 Service Mark are collectively referred to as the "MedScript Service Marks."

9.      The MedScript Service Marks were both registered on August 26, 2014.

10.      MedScript Pharmacy is the exclusive owner of the MedScript Service Marks, and all of the related business and goodwill.

11.      MedScript Pharmacy is a successful compounding pharmacy, and the MedScript Service Marks have become valuable corporate assets of MedScript Pharmacy.

12.      MedScript Pharmacy advertises its pharmacy services using the MedScript Service Marks.

13.      MedScript Pharmacy has used the MedScript Service Marks in commerce.   The MedScript Service Marks have become recognized as a brand indicator of MedScript Pharmacy, and are affiliated with MedScript Pharmacy's services.

14.      D&D markets and sells pharmacy services under the name "MedScript Long Term Pharmacy" and "MedScript LTC Pharmacy."

15.      D&D was incorporated in the State of Delaware on October 4, 2016, more than two years after the MedScript Service Marks were registered.   D&D was registered as a foreign company in the State of Indiana on December 29, 2016.  D&D was licensed as a pharmacy in Illinois on February 7, 2017.

16.     D&D has not conducted any operations, and has not performed any pharmacy services, before October 4, 2016.

17.     On May 2, 2018, D&D filed an Assumed Business Name with the Indiana Secretary of State, Filing Number 0007899129, to transact business under the assumed name of "MedScript Long Term Care Pharmacy."  Also on May 2, 2018, D&D filed an Assumed Business Name with the Indiana Secretary of State, Filing Number 007899130, to transact business under the assumed name of "MedScript LTC Pharmacy."

18.     D&D first began using the assumed name "MedScript Long Term Care Pharmacy" on or after May 2, 2018.

19.     D&D first began using the assumed name "MedScript LTC Pharmacy" on or after May 2, 2018.

20.     D&D's use of "MedScript Long Term Care Pharmacy" and "MedScript LTC Pharmacy" has been associated with D&D's pharmacy services, including compounding pharmacy services.

21.     D&D also began using the following logo  (the "Logo"):



22.     D&D alleges in a trademark application filed with the USPTO under Serial Number 88047330 that D&D first began using the Logo on December 31, 2017.

23.     D&D's "MedScript Long Term Care Pharmacy", "MedScript LTC Pharmacy" and the Logo are confusingly similar to the MedScript Service Marks.

24.     On May 10, 2018, shortly after D&D first began using the names "MedScript Long Term Care Pharmacy" and "MedScript LTC Pharmacy" an attorney for MedScript Pharmacy wrote to D&D detailing MedScript Pharmacy's rights in the MedScript Service Marks and demanded that D&D stop using its confusingly similar names.   A true and correct copy of the MedScript Pharmacy's attorney's May 10, 2018 letter is attached hereto as Exhibit C.  Defendant responded through its attorney and accused MedScript Pharmacy of infringement.

25.     D&D refused to discontinue use of its infringing marks despite receiving MedScript Pharmacy's counsel's letter of May 10, 2018 letter.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement
### [15 U.S.C. §§ 1114-1117]

26.     MedScript Pharmacy realleges and restates its allegations contained in paragraphs 1 to 25, as and for its allegations in paragraph 26, as if fully set forth herein.

27.     Defendant's acts of using the names "MedScript Long Term Care Pharmacy," "MedScript LTC Pharmacy" and of using the Logo are likely to cause confusion, mistake or deception as to source, affiliation, or sponsorship, in violation of 15 U.S.C. § 1114.

28.     Defendant has continued to use the names MedScript Long Term Pharmacy and MedScript LTC Pharmacy after being advised of its infringement of the MedScript Service Marks. Further, Defendant has attempted to register the Logo after being advised of the MedScript Service Marks.  The Defendant's action are done with the intent to obtain a commercial advantage that the Defendant otherwise would not have, making this an exceptional case pursuant to 15 U.S.C. §1117.

29.     Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

30.     MedScript Pharmacy has been, and will continue to be, damaged by Defendant's infringement in an amount to be determined at trial.

31.     D&D's acts also are greatly and irreparably damaging to MedScript Pharmacy and will continue to damage MedScript Pharmacy unless enjoined by the Court such that MedScript Pharmacy is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### Federal Unfair Competition and False Designation of Origin
### [15 U.S.C. § 1125(A)]

32.     MedScript Pharmacy realleges and restates its allegations contained in paragraphs 1 to 31, as and for its allegations in paragraph 32, as if fully set forth herein.

33.      Defendant's acts are likely to cause confusion or mistake, or to deceive as to Defendant's affiliation, connection, or association with MedScript Pharmacy, or as to the origin, sponsorship, or approval of Defendant's services.  Defendant's acts constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

34.      Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith, making this an exceptional case.

35.      MedScript Pharmacy has been, and will continue to be, damaged by Defendant's infringement in an amount to be determined at trial.

36.      Defendant's acts also are greatly and irreparably damaging to MedScript Pharmacy and will continue to damage MedScript Pharmacy unless enjoined by the Court such that MedScript Pharmacy is without an adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

37.      MedScript Pharmacy realleges and restates its allegations contained in paragraphs 1 to 36, as and for its allegations in paragraph 37, as if fully set forth herein.

38.      MedScript Pharmacy owns all rights, title, and interest in and to the MedScript Service Marks, including all common law rights in such marks.

39.      Defendant, without authorization from MedScript Pharmacy, has used and is continuing to use designations that are substantially and confusingly similar to the MedScript Service Marks.

40.      The Defendant's acts are intended to cause and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's infringing names and Logo originate from, or are affiliated with, sponsored by, or endorsed by MedScript Pharmacy.

41.   Defendant has acted with knowledge of MedScript Pharmacy's ownership of the MedScript Service Marks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby. Defendant's acts constitute trademark infringement in violation of the common law of the State of Illinois.

42.   Upon information and belief, Defendant has made and will continue to make substantial profits and/or gains to which it is not in law or equity entitled.

43.   Upon information and belief, Defendant intends to continue its infringing acts, unless restrained by this Court.

44.   Defendant's acts have damaged and will continue to damage MedScript Pharmacy, and MedScript Pharmacy has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Common Law Unfair Competition

45.   MedScript Pharmacy realleges and restates its allegations contained in paragraphs 1 to 44, as and for its allegations in paragraph 45, as if fully set forth herein.

46.   Defendant's acts constitute common law trademark infringement in violation of the common law of the various states, including the State of Illinois.

47.   Upon information and belief, Defendant's conduct is willful, deliberate, intentional, and in bad faith.

48.   Defendant's acts are greatly and irreparably damaging to MedScript Pharmacy and will continue to damage MedScript Pharmacy unless enjoined by the Court such that MedScript Pharmacy is without an adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Deceptive Trade Practices Pursuant to 815 ILCS §§ 510/1, *et seq*.

49.   MedScript Pharmacy realleges and restates its allegations contained in paragraphs 1 to 48, as and for its allegations in paragraph 49, as if fully set forth herein.

50.     Defendant has knowingly and willfully engaged in deceptive trade practices within the meaning of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §§ 510/1 *et seq.* by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion or of misunderstanding as to the affiliation, connection, or association of Defendant or their products with MedScript Pharmacy products; and using deceptive representations or designations of origin in connection with Defendant's products.

51.     The unauthorized use by Defendant of the MedScript Service Marks is causing, and is likely to cause, substantial injury to the public and to MedScript Pharmacy, and MedScript Pharmacy has no adequate remedy at law for this injury. MedScript Pharmacy is entitled to injunctive relief and to an award of its costs and attorney's fees under 815 ILCS § 510/3.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MedScript Pharmacy requests a jury trial of all issues that may be tried to a jury in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, MedScript Pharmacy respectfully requests that this Court:

1.      Enter judgment that Defendant, D&D, has violated the Lanham Act, 15 U.S.C. §§ 1114, 1125; 815 ILCS §§ 510/1, *et seq.*, and Illinois common law, and that such violations were willful and intentional, making this an exceptional case;

2.      Issue a preliminary and permanent injunction enjoining and restraining Defendant and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, unfair competition, or deceptive

business practices, including providing any pharmacy services or offering for sale any pharmacy services that feature names confusingly similar to the MedScript Service Marks;

3.      Require Defendant to immediately recall from all distribution channels all products, packaging, advertising, and promotional materials bearing or infringing on the MedScript Service Marks;

4.      Require Defendant to immediately deliver to MedScript Pharmacy for destruction all products, packaging, advertising, and promotional materials bearing or infringing on the MedScript Service Marks, pursuant to 15 U.S.C. § 1118;

5.      Require Defendant to immediately cease sales of the services and products on its website and in any other locations on the Internet, including other websites owned or operated by Defendant or any of its affiliates, and any social media platforms owned or operated by Defendant or any of its affiliates;

6.      Order Defendant to account to MedScript Pharmacy all profits wrongfully derived by their unlawful conduct and to pay to MedScript Pharmacy:

a.      all monetary actual and/or statutory damages sustained and to be sustained by MedScript Pharmacy as a consequence of Defendant's unlawful conduct, including lost profits and corrective advertising damages, in an amount to be determined at trial;

b.       all profits, gains, and advantages obtained by Defendant from its unlawful conduct;

c.      exemplary damages, including treble damages resulting from Defendant's unlawful conduct;

d.      pre-judgment interest on all damages; and

e.     MedScript Pharmacy's costs and disbursements in this action, including its

reasonable attorney's fees;

7.     Direct that Defendant file with this Court and serve on counsel for MedScript

Pharmacy within thirty days after entry of any injunction issued by the Court, a sworn written

statement pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which

Defendant has complied with the injunction; and

8.     Order any such other or further relief as the Court may deem just and proper.

Respectfully submitted,


/Mark D. Roth/
Attorney for Plaintiff


Mark D. Roth
ROTH FIORETTI, LLC
311 S. Wacker Drive
Suite 2470
Chicago, Illinois 60606
(312) 922-6262
mark@rothfioretti.com