**IN THE UNITED STATES DISTRICT COURT NORTHERN
DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| MEDSCRIPT PHARMACY, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18-cv-5663 |
| v. | ) | |
| | ) | |
| D&D PHARMA LTC, LLC, | ) | Honorable Robert W. Gettleman |
| | ) | |
| Defendant. | ) | Mag. Judge Sunil Harjani |
| -------------------------------------------------------- | ) | |
| | ) | |
| D&D PHARMA LTC, LLC, | ) | |
| | ) | JURY DEMANDED |
| Counter-Plaintiff | ) | |
| v. | ) | |
| | ) | |
| MEDSCRIPT PHARMACY, LLC, | ) | |
| | ) | |
| Counter-Defendant | ) | |

**D&D PHARMA LTC'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE
EXHIBITS F, G AND K TO THE DECLARATION OF GRANT DINO**

Defendant D&D Pharma LTC, LLC, ("D&D") through its attorneys, for its Response to

Plaintiff, MedScript Pharmacy, LLC ("MedScript Pharmacy" or "Plaintiff")'s Motion to Strike

Exhibit F, Exhibit G and Exhibit K to the Declaration of Grant Dino (Docket No. 70-1), answers

as follows:

**I.     D&D Could Not Produce "Exhibit F" or "Exhibit G" during Discovery Because
These Documents Were Not Then Within D&D's Possession or Control**

Plaintiff's motion requests the Court to strike Exhibits F, G and K from the Declaration

of Grant Dino, Sr., because D&D did not produce Exhibits F and G during discovery, and

because D&D did not lay sufficient foundation for Exhibit K.  Both objections are without merit.

Exhibits F and G comprise screenshots of certain pages of D&D's predecessor-in-interest

1

LDI Integrated Pharmacy Services, Inc.'s ("LDI") website (URL medscriptrx.com). D&D's counsel obtained these screenshots from the Internet Archive's Wayback Machine website www.archive.org  as additional evidence in the course of preparing Defendant's response to the summary judgment motion to respond to Plaintiff's baseless claim that LDI hadn't used the MedScript mark in connection with pharmacy services.  Exhibit F includes screenshots of pages from medscriptrx.com that existed in 2012 and Exhibits G includes screenshots of pages that existed in 2014.  Both exhibits were attached to the declaration of Mr. Dino (Docket No. 70-1).

Plaintiff claims Defendant violated Fed. R. Civ. P. 26(a)(1)(A)(ii) because Defendant didn't produce documents that were available to both parties on the internet.  Its objection is meritless. This rule requires parties to produce, without awaiting a discovery request, "a copy— or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party *has in its possession, custody, or control* and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii) (emphasis added)

Exhibits F and G were not within D&D's "possession, custody or control" during the discovery period.  The fact that, through digging, Defendant was able to come up with evidence impeaching Plaintiff's claim that LDI didn't use "MedScript" in connection with pharmacy services, hardly means that the pages on the Wayback Machine were within its "possession, custody or control." *Cheveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993)("the fact that a party could obtain a document if it tried hard enough and maybe if it didn't try hard at all does not mean that the document is in its possession, custody, or control; in fact it means the opposite.") Moreover, the pages were used to impeach Plaintiff's misleading statement that "MedScript" wasn't used by LDI.

2

Indeed, Defendant added Exhibits F and G to provide the Court with a complete record only after Plaintiff submitted screenshots of the medscriptrx.com that included the medscriptrx.com homepage, the "Broker's Page and the "Contact" page. (*Id*.) Plaintiff failed to include those pages that evidenced the ubiquitous use of MedScript and so Defendant added them. These include the "Employers," "Individuals," and "Plans" pages.

Plaintiff's claim that it was caught by "a complete surprise" and prejudiced by D&D's inclusion of the screenshots of the medscriptrx.com webpages into the record strains credulity. Plaintiff's counsel himself visited the Wayback Machine website on May 30, 2019 and reviewed the archived pages of the medscriptrx.com website stored there. He then chose to pick and choose only those pages that satisfied his goals. To remedy Plaintiff's selective misreading of the website, Defendant added additional pages, such as the "Employers," "Individuals" and "Plans" pages. (Docket No. 62, Exhibit 5). Plaintiff itself placed some screenshots into the summary judgment record and relied on them in its Local Rule 56.1 Factual Statement and briefs. D&D's inclusion of Exhibits F and G into the record simply completes the collection of pages from the medscript.com website that have been preserved by the Internet Archive. Far from being "a complete surprise" and prejudicial, Exhibits F and G of Mr. Dino's declaration cure what had been a potentially deceptive and incomplete replication of the website. The Court can now rely on a more complete replication of the site when considering the parties' dispositive motions.

Because the screenshots that comprise Exhibits F and G were not within D&D's custody and control, Fed. R. Civ. P. 26(a)(1)(A)(ii) is irrelevant here. These documents are neither "a complete surprise" nor prejudicial to Plaintiff. Accordingly, the Court should deny Plaintiff's request to strike Exhibits F and G or the Grant Dino Declaration (Docket No. 70-1).

## II. D&D Authenticated and Laid a Sufficient Foundation for Exhibit K of Grant Dino's Declaration

Plaintiff argues that Exhibit K to Mr. Dino's declaration should also be excluded because, it alleges, D&D did not properly authenticate it or lay a proper foundation for its admissibility. That is incorrect. In his declaration, Grant Dino identifies Exhibit K as a copy of a page from an interactive RxCLAIM website, and referenced testimony from his deposition where he discussed the function of the RxCLAIM portal. (See Docket No. 70-1, Exhibit 7, Dino Declaration, ¶ 13). He further explains in his declaration that RxCLAIM was an internet portal through which MedScript customers could order and refill prescriptions, trace the history of their prescriptions and obtain other information on their prescriptions. He further explained that LDI spent approximately $500,000 in developing the internet portal. (*Id.*) In the pages of his deposition that Mr. Dino referenced in paragraph 13 of his declaration, he testified as follows:

Q:    So there was – so the compounding services that LDI offered were identified on advertisements for LDI?

A:    Yes.

Q:    What type of advertisement?

A:    [T]here's a web page. If you want to – there's one specific example, that you have a picture of. It's got LDI on it, and it prominently displays the MedScript logo. So if you went to refill a prescription or have a compound filled, you would go onto that website and look at it.

Q:    And that web page was in connection with compounding -- LDI's compounding business?

A:     It was inclusive of prescription fulfillment.

Q:    And was that a specific a specific page related to that service, or was that a term that appeared on LDI's overall website?

A:    Can you rephrase that?

Q:    Sure. Well, you're saying the word MedScript appeared on an LDI website where a customer could – that a customer could visit for the purposes of having a prescription filled, correct?

A:    Yes.

Q:    And was that MedScript name on the website specifically linked to that service.?

A:    It was linked to the complete pharmacy services we provided.

Q:    Did  LDI use the Medscript name in connection with its claims adjustment

services?
A:    Yes, in that specific example that I gave you –
Q:    Which –
A:    The Rx CLAIM website that I was referring to.
Q:    That we just talked about?
A:    Correct.
Q:    That's the Rx Claim website?
A:    The logo was on there as well.

(Docket 62, Exhibit 3, Dino Deposition, 98:18-100:14).

Fed. R. Evid. 901(b)(1) provides that a proper foundation for a piece of documentary evidence can be supplied by testimony from a witness with personal knowledge. Grant Dino was a co-owner and Chief Operating Officer of LDI during the entire time LDI used the MedScript service mark. (Docket No. 70-1, Exhibit 7, Dino Declaration, ¶¶ 7-8, 19, 22).   From LDI's acquisition of the MedScript business in June 2008 through the sale of LDI in November 2016 he generally oversaw and monitored the various pharmacy services under which the mark had been used. (Id. at ¶¶ 20-28).  Consequently, Mr. Dino is competent to testify as a witness with personal knowledge about how LDI Medscript drug prescriptions were ordered and refilled, including through means provided by the company's websites and their contents. He testified in some detail about the functions of the RxCLAIM portal website and identified Exhibit K as a page from that website. That was sufficient under Fed. R. Evid.. 901(b)(1).

Because Mr. Dino's deposition testimony and declaration provide more than a sufficient basis for authentication and foundation purposes, the Court should deny Plaintiff's motion to strike Exhibit K as well.

In the event that Plaintiff's concerns remain over the authenticity of these documents, and others to which Plaintiff objected in its Rule 56.1 Responsive Statement to D&D Statement of Additional Facts and/or in its Combined Reply/Response brief, D&D attaches the Supplemental Declaration of Grant Dino, Sr. and the Declaration of Keith M. Stolte.  These

declarations merely provide additional foundation to the admissibility of certain documents and do not place any new evidence in into the record. *See Mills v. First Federal Sav. & Loan Ass'n,* 1995 WL 155036, *1-2 (N.D. Ill. April 5, 1995) (Reinhard, D.J.) (denying motion to strike where party filed an affidavit providing sufficient foundation for previously filed exhibits with its reply in support of summary judgment, and thereby cured deficiencies of foundation and authentication); *Chivers v. Central Noble Community Schools*, 423 F.supp.2d 835, 840 (N.D. Ind. 2006) (denying motion to strike where later filed affidavit and deposition testimony were submitted to authenticate a previously filed exhibit during summary judgment proceedings).

For the reasons stated above, the Court should deny Plaintiff's Motion to Strike Exhibits F, G and K.


Dated: November 22, 2019                         Respectfully submitted,

                                                 **D&D PHARMA LTC, LLC**

                                                 By: /s/ Kevin Tottis
                                                     One of its Attorneys

                                                 Kevin Tottis (ARDC No. 6193853)
                                                 ktottis@tottislaw.com
                                                 Monica L. Thompson (ARDC No. 6181455)
                                                 mthompson@tottislaw.com
                                                 Keith M Stolte (ARDC No. 6244848)
                                                 kstolte@tottislaw.com
                                                 TottisLaw
                                                 One East Wacker Drive, Suite 1205
                                                 Chicago, IL 60601
                                                 T: 312-527-1400