IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MEDSCRIPT PHARMACY, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> D&D PHARMA LTC, LLC, ) <br> ) <br> Defendant. ) <br> ------------------------------------------------------- ) <br> ) <br> D&D PHARMA LTC, LLC, ) <br> ) <br> Counter-Plaintiff ) <br> v. ) <br> ) <br> MEDSCRIPT PHARMACY, LLC, ) <br> ) <br> Counter-Defendant ) | Case No. 18-cv-5663 <br><br> JURY DEMANDED <br><br><br> FILED UNDER SEAL |

**SUPPLEMENTAL DECLARATION OF GRANT S. DINO, SR.**

1. My name is Grant S. Dino, Sr. I live in St. Petersburg Beach, Florida. I am an owner and Chief Executive Officer of Defendant D&D Pharma LTC, LLC d/b/a MedScript LTC. ("D&D"). I provide this supplemental declaration in opposition to Plaintiff Medscript Pharmacy's Motion for Summary Judgment and in support of D&D's Cross-Motion for Summary Judgment.

2. I have personal knowledge of the facts set forth below, and if called upon to testify at trial would and could competently do so.

3. I tendered a prior declaration, which was filed as Exhibit 7, providing evidentiary support of D&D's Rule 56.1 Responsive Factual Statement and Statement of Additional Facts. (Docket No. 70-1). Attached to that declaration were Exhs. A-O, which generally demonstrate use by

1

D&D's predecessors-in-interest of the MedScript service mark in connection with the provision of pharmacy services and related services.

4. I understand that Plaintiff's counsel has objected to some of the exhibits attached to my declaration (*i.e.,* Exh. A, B, C, E, F, G and K) on the basis of lack of proper foundation.

5. I tender this supplemental declaration for the sole purpose of providing additional information about the exhibits themselves such that Plaintiff and the Court is satisfied with the authenticity of the documents. My supplemental declaration is not intended to inject, and does not inject, any further documentary or testamentary evidence into the summary judgment record beyond the information necessary to lay a more fulsome foundation for exhibits already of record.

6. Attached as Exhibit A to my prior declaration (Docket No. 70-1) is a printout of an article published by St. Louis Business Journal on July 6, 2008, and which appeared on its website (https://www.bizjournals.com/stlouis/stories/2008/07/07/story5.html). The article, entitled "LDI, ST. JOHN'S DEAL EXPANDS DINO FAMILY'S PHARMACY FIRM," was authored by Angela Mueller, and discusses the purchase by LDI Integrated Pharmacy Services ("LDL") of St. John's Mercy MedScript in June 2008. LDI was a company owned and managed by my brother Leonard Dino and me (Len was CEO and President and I was Chief Operating Officer). I have personally read the article which I accessed over the Internet and printed out and placed in my records. The original article featured a photograph of my brother Len and me. The article's title and the photograph did not print out when I printed the article, but the text of the article is complete.

7. Attached as Exhibit B to my prior declaration are true and correct copies certain pages of a Confidential Offering Memorandum for MedScript Service, Inc., bearing a hand-written date of October. 26, 1998, pp. 1, 5, 9-12, 15,18. D&D produced a complete copy of this

2

Memorandum during discovery. LDI received a copy of the Offering Memorandum from Todd Bromfman by email on July 3, 2007. This document was used by LDI's management, in part, to help assess the value of St. John's Mercy MedScript prior to LDI's purchase of the company. A copy of the offering Memorandum was placed and kept in LDI's files as a business record.

8. Exhibit C attached to my prior declaration is a true and correct printout of a page from St. John's Mercy MedScript's website. The URL was http://www.medscript.net/customerinfo/default.asp. The date the webpage was printed was January 23, 2008. Along with other materials, this webpage was reviewed and printed as part of LDI management's due diligence prior to LDI's acquisition of St. John's Mercy MedScript in June 2008. Thereafter, the webpage was placed and kept in LDI's files as a business record

9. Exhibit E attached to my prior declaration is a true and correct copy of certain pages of a brochure published by the American Independent Business Coalition, which I personally know to have been a former customer of LDI, and to whose members LDI provided pharmacy services under the MedScript service mark. This brochure, which features a 2015 date on the back cover, provides information about the MedScript Mail Order pharmacy services and was provided to LDI which placed and kept it in its files as a business record. I received this brochure after 2015.

10. Exhibit F are true and correct copies of screenshots of certain web pages from LDI MedScript's website (http://www.medscriptrx.com) from 2012, obtained from the Internet Archive's website (http://archive.org), known as the Wayback Machine. As co-owner and COO of LDI, I was and am familiar with the content of the www.medscriptrx.com website, which I addressed in my prior declaration. Based on my review of Exhibit F, I can confirm that the Wayback Machine screenshots of the LDI MedScript website are true and accurate replications of the pages from the LDI MedScript website in terms of form and content.

11.     Exhibit G are true and correct copies of screenshots of certain web pages from LDI MedScript's website (http://www.medscriptrx.com) from 2014, obtained from the Internet Archive's website (http://archive.org), known as the Wayback Machine.  Based on my review of Exhibit G, I can confirm that the Wayback Machine screenshots of the LDI MedScript website are true and accurate replications of the pages from the LDI MedScript website in terms of form and content.

12.     Attached as Exhibit K is a printout of a web page from LDI MedScript's interactive RxCLAIM portal, which I identified in my deposition in this case, at pages 99-100. I am familiar with the development of this portal by LDI and am familiar how it operated.  The RxCLAIM portal used software that facilitated MedScript customers' ability to order and refill prescriptions, trace the history of their prescriptions and obtain other information on their prescriptions.  As I stated in my original declaration, LDI spent approximately $500,000 in developing the internet portal.  The RxCLAIM portal was accessible from both the ldirx.com and medscriptrx.com websites through a link, but I do not recall the precise URL where the interactive software for the portal resided.  I was and am, however, familiar with the portal and Exhibit K accurately reflects the appearance of the portal, including the use of the MedScript mark.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: November 21, 2019          By:_____
                                                     G